**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PATRICK JONES** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. ___________** |
| | § | |
| **KIEWIT INFRASTRUCTURE SOUTH CO.** | § | |
| **DBA SOUTH-POINT CONSTRUCTORS,** | § | |
| **a Joint Venture** | § | **JURY DEMAND** |
| **Defendant.** | § | |

---

ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Patrick Jones and files this Original Complaint, and in support of which would respectfully show the Court the following:

## I. STATEMENT OF THE CASE

1. Plaintiff sues Defendant as joint employers for race discrimination and retaliation pursuant to Title VII, the Texas Labor Code and 42 U.S.C. § 1981. He complained of race discrimination and was subsequently fired from his job on pretext.

## II. PARTIES

2. Plaintiff is a citizen and resident of Tarrant County, Texas.

3. Defendant may be served with process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## III. VENUE AND JURISDICTION

4. The Court has subject matter jurisdiction to hear the merits of Plaintiff's race discrimination claims under 29 U.S.C. § 2917 because it presents a question of federal law and

this Court is a court of competent jurisdiction.

5. The Court has original jurisdiction to hear this complaint under 28 U.S.C. § 1331 as this action is being brought under 42 U.S.C. § 1981.

6. Venue is appropriate in the Northern District of Texas, Fort Worth Division, because the actions giving rise to this lawsuit occurred within this District.

## IV. STATEMENT OF FACTS

7. Plaintiff Patrick Jones was an employee for Defendants. Defendants are joint employers of Plaintiff. Both are "employers" as that term is defined in both Title VII and the Texas Labor Code.

8. Plaintiff is an African American male. He was hired by Defendants on or about May 16, 2023 as an equipment operator on the night shift.

9. Plaintiff reported to his Supervisor, Levi, who reported to the Superintendent, Edgar. Edgar treated the African American employees differently than he treated the white and Hispanic employees. There was an incident where a female on Plaintiff's crew was driving a water truck and accidentally tore off a side mirror. The policy was to discipline the employee who caused the accident. Instead, Edgar sent the entire crew, including the three African Americans who were not involved in the accident in any way, home.

10. The Defendants allege that the crew was sent home because there was no one there to supervise them. However, that was not the case. In fact, their direct supervisor, Levi was present.

11. There was another incident where a Hispanic employee who was also a heavy equipment operator but on a different crew, broke a water main causing many thousands of dollars of damage. That employee was neither sent home nor drug tested and neither was the crew he was on, none of whom were African American.

12. Plaintiff and his crew were upset with the obvious difference in treatment between their crew and the other crew. They complained to their supervisor and also confronted Edgar directly. Their supervisor, Levi, confirmed the appearance of racial discrimination.

13. Plaintiff reported to Edgar that, with regard to the mirror incident, he had "sent all the black people home." Edgar responded that he had sent the crew home. Plaintiff pointed out that it was not protocol to send the entire crew home, just the person causing the accident. Edgar became defensive and tried to claim that there was no one there to supervise the crew at the time, but that was not true as Levi was present.

14. Shortly thereafter, Plaintiff and his African American co-workers received a text that they would not be working over Labor Day. Plaintiff went to the yard and saw other workers' cars there. Plaintiff called the engineer associated with the project and asked why all the African Americans had to stay home and the Hispanics got to work. The engineer responded that he and Edgar had picked the crew and they just had to deal with it.

15. Plaintiff did not leave trash inside of the equipment that he operated. In fact, on one occasion when he spilled water inside of the equipment, he took off his shirt and used it to clean it up. Equipment was not assigned to specific operators and was operated by different people on different shifts. Plaintiff's supervisor checked out Plaintiff's equipment at the end of his shift to ensure it was clean. Plaintiff did not leave ketchup and french fries inside of any equipment. However, on the date of termination, Edgar called Plaintiff to fire him, stating that the first shift took pictures of fries and ketchup all over the equipment so they would be parting ways.

16. Plaintiff subsequently asked Human Resources about the alleged pictures of fries and ketchup and was told there were no such pictures. He was also told by HR that even if it had been true, it was not a fireable offense. The reason given by Edgar was obvious pretext for

discrimination and retaliation.

## V. CAUSES OF ACTION

17. Plaintiff incorporates paragraphs 7 through 16 herein. Based upon the events as outlined above, Mr. Jones sues Defendants pursuant to the provisions of Title VII, the Texas Labor Code, and 42 U.S.C. § 1981, including but not limited to those provisions relating to race discrimination/harassment and retaliation. Pursuant to the provisions of those statutes, Plaintiff seeks back pay and compensatory damages in an amount in excess of the jurisdictional limits of this Court as well as front pay in lieu of reinstatement and loss of future earnings. Furthermore, Defendant acted with reckless indifference to the rights of Plaintiff and Plaintiff is entitled to punitive damages in an amount in excess of the jurisdictional limits of this Court.

18. Pursuant to Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq.,* as well as the Texas Labor Code, employers are prohibited under Title VII from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. Additionally, Mr. Jones asserts a claim pursuant to 42 U.S.C. § 1981, which ensures that all persons have the same right to make and enforce contracts, including the making, performance, modification, and termination of employment contracts. Defendants violated both of these statutes when they discriminated against and harassed Mr. Jones on the basis of his race, as well as when they retaliated against him up to and including his termination.

19. Pursuant to Title VII, the Texas Labor Code, Section 21.259, as well as 42 U.S.C. § 1981, § 1988, Plaintiff seeks reasonable attorneys' fees and costs, including reasonable expert fees.

20. All jurisdictional prerequisites for the filing of this cause of action have been met, including the processing of administrative charges, the receipt of notice of right to sue and timely filing of

suit thereafter. The charge was filed with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights as set forth above. Plaintiff received notices of right to sue from the EEOC on or about May 6, 2024 and suit is being filed on July 16, 2024, which is within 90 days of receipt of the EEOC's Notice of Right to Sue.

21. Plaintiff prays for a jury trial.

FOR THE REASONS STATED, Plaintiff prays that this matter be set for jury trial and that upon trial, Plaintiff recovers damages as outlined in excess of the jurisdictional limits of this Court, attorneys' fees, costs, including reasonable expert fees, pre-judgment and post-judgment interest as allowed by law and such further relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/Susan E. Hutchison
Susan E. Hutchison
Texas Bar No. 10354100
sehservice@FightsforRight.com

S. Rafe Foreman
Texas Bar No. 07255200
srfservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
500 East 4th St., Ste. 100
Fort Worth, Texas 76102
Phone: 817-336-5533
Fax: 817-887-5471

ATTORNEYS FOR PLAINTIFF